PAAUHAU SUGAR PLANTATION CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13879.   Promulgated September 24, 1928.

*W. W. Spalding, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

## OPINION.

PHILLIPS: We need not repeat here the facts with respect to territorial income taxes. At the hearing it was conceded by both parties that the Commissioner was in error in refusing to allow as a deduction the amount which had accrued as taxes upon 1920 income.

While the stipulation of the parties involves a conclusion of law, we are without any evidence of the basic facts upon which its accuracy might be tested and therefore assume that the conclusion reached is justified by the facts.

The Commissioner contended that he was likewise in error in permitting the deduction in 1920 of the tax imposed upon 1919 income but paid in 1920. Here, also, we are without any evidence upon which to determine whether that which the Commissioner did in this respect was or was not correct. Except for the admissions in the pleadings that certain expenditures relating to the crops of future years were charged to a crop account and deducted when the crop was harvested, no evidence has been supplied as to the method of accounting in 1919 or in 1920 other than with respect to this one item of taxes. Whether there was a change in the original method of accounting and, if so, whether such a change was with the consent of the Commissioner, does not appear. Nor are there other facts from which we may determine what should properly be done with the item in question. Since the burden was on the respondent to show that he was in error in allowing the deduction and this has not been done, his determination with respect to this item must be followed.

The Commissioner determined the invested capital of the petitioner at the beginning of the year to be $1,750,270.46. The petitioner had an operating deficit of $125,719.12 which was not deducted in computing this invested capital. *Guarantee Construction Co.*, 2 B. T. A. 1145. The earnings during the first six months were sufficient to make good this deficit, even after making provision for taxes. No dividends were paid during those months. It therefore appears that before any dividends were paid, petitioner had fully restored the amount of invested capital which the Commissioner determined existed at the beginning of the year. During the last six months of the year petitioner paid dividends, but the earnings of these last six months were sufficient to pay such dividends and still leave petitioner with the full amount of invested capital which had been allowed it at the beginning of the year. Such dividends were paid from earnings of the year and they did not serve to reduce the invested capital beyond the point to which it had already been reduced at the beginning of the year.

At the hearing it was stipulated that in computing the deficiency invested capital had been erroneously reduced by $2,510.70, the cost of an easement acquired in 1899. Proper adjustment should be made for this item in recomputing the deficiency.

*Decision will be entered under Rule 50.*